**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
David Simantob, SBN 155790
   David.Simantob@wilsonelser.com
Linda T. Hoshide, SBN 190403
   Linda.Hoshide@wilsonelser.com
Shannon L. Santos, SBN 260112
   Shannon.Santos@wilsonelser.com
555 South Flower Street, Suite 2900
Los Angeles, California 90071-2407
Tel.: (213)443-5100
Fax: (213)443-5101

*Attorneys for Defendants, The Hanover Insurance
Company and Citizens Insurance Company of America*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TAAD GROUP, INC., a California corporation, doing business as "PROTREND, LTD."<br><br>                         Plaintiff,<br><br>     vs.<br><br>THE HANOVER INSURANCE COMPANY, a New Hampshire Corporation; CITIZENS INSURANCE COMPANY OF AMERICA, a Michigan Corporation, and DOES 1 to 100, inclusive,<br><br>                         Defendants. | Case No.<br><br>**DEFENDANTS THE HANOVER INSURANCE COMPANY AND CITIZENS INSURANCE COMPANY OF AMERICA'S NOTICE OF REMOVAL OF ACTION**<br>**(28 U.S.C. § 1441(b))**<br><br>Action Filed:      March 2, 2020 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1441(a), (b), and 1446, Defendants THE HANOVER INSURANCE COMPANY and CITIZENS INSURANCE COMPANY OF AMERICA ("Defendants") hereby remove this action

from the Superior Court of California, County of Los Angeles, to this Court based on diversity jurisdiction.  In that regard, Defendants alleges as follows:

1.      On or about March 2, 2020, Plaintiff TAAD GROUP, INC., a California corporation, doing business as "PROTREND, LTD." ("TAAD") filed suit in California state court against Defendants in the action entitled *TAAD GROUP, INC., a California corporation, doing business as "PROTREND, LTD." v. THE HANOVER INSURANCE COMPANY, a New Hampshire Corporation; CITIZENS INSURANCE COMPANY OF AMERICA, a Michigan Corporation, and DOES 1 to 100, inclusive,* Superior Court of the State of California, Los Angeles County, Case No. 20STCV08558 ("State Court Action").  A true and correct copy of the complaint ("Complaint") from the State Court Action is attached as Exhibit "A" hereto.

2.      Defendants were served with a copy of the Complaint and summons filed in the State Court Action on April 8, 2020.  In addition, the parties filed a series of stipulations to extend the time for Defendants to respond to the Complaint.  The parties recently stipulated to extend the current deadline for Defendants to respond to the Complaint to August 31, 2020.  A true and correct copy of all pleadings, process and orders served on or by Defendants is attached as Exhibit "B" hereto.

3.      This case is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as further discussed below.

4.      Complete diversity exists between the parties of this action.

5.      TAAD Group, Inc., is an entity incorporated in the State of California with its principal place of business in the State of California and thus, is a citizen of California for the purposes of 28 U.S.C. § 1332.  (Exh. "A" hereto, Complaint, ¶ 1.)

6.      The Hanover Insurance Company is an entity incorporated in the state of New Hampshire with its principal place of business in the Commonwealth of

---

DEFENDANTS THE HANOVER INSURANCE COMPANY AND CITIZENS INSURANCE COMPANY OF AMERICA'S NOTICE OF REMOVAL OF ACTION

Massachusetts and, thus, is a citizen of New Hampshire or the Commonwealth of Massachusetts for the purposes of 28 U.S.C. § 1332.  (Exh. "A" hereto, Complaint, ¶ 2.)

7.     Citizens Insurance Company of America is an entity incorporated in Michigan with its principal place of business in the State of Michigan and, thus, is a citizen of the State of Michigan for the purposes of 28 U.S.C. § 1332. (Exh. "A" hereto, Complaint, ¶ 3.)

8.     The Defendants' domiciles and principal places of business/locations of incorporation were so at the time of the incidents alleged in the Complaint, at the time of commencement of the State Court Action, and as of the date of this Notice of Removal.

9.     Removal is proper as the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1332(a), 1441(a).  TAAD seeks recovery from Defendants for defense and indemnity of an underlying action entitled *The Dress Barn, Inc. v. Klauber Brothers, Inc.,* United States District Court Case No. 1:18-cv-08085-DLC ("Underlying Action.")  TAAD's Complaint asserts that it incurred defense fees and costs and paid $25,000 in settlement of the Underlying Action.  (Exh. "A" hereto, Complaint, ¶14.)  The amount of attorneys' fees incurred in the Underlying Action has not yet been determined.  In addition, TAAD alleges "bad faith denial of insurance coverage and defense," "breach of insurance agreements," "intentional misrepresentation of coverage," and "negligent misrepresentation of coverage" and seeks additional damages, punitive damages, and legal fees and costs from Defendants.  (Exh. "A" hereto, Complaint, ¶¶ 20, 23, 28, 33.)  While the Complaint does not specify the total amount of attorneys' fees and costs incurred in the Underlying Action or incurred in this action for which TAAD also seeks as damages, by letter emailed to counsel for Defendants on July 2, 2020 (but dated July 1, 2020) counsel for TAAD advised that TAAD's attorneys fees and costs incurred in defense of the Underlying Action and in this action, for which TAAD also seeks recovery, totals $136,400.90.  Therefore, the

amount in controversy is in excess of $75,000 as TAAD is seeking at least $25,000 paid in settlement and $136,400.90 paid in attorneys' fees and costs in reimbursement from Defendants. 28 USC § 1446(b)(3) (The 30-day removal period starts to run only upon defendant's receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is … removable."); *Uribe v. Autozone, Inc.* (9th Cir. 2006) 166 F.App'x 896, 897 ("The district court properly relied upon a pre-removal settlement letter to conclude that the amount in controversy exceeded the jurisdictional minimum for diversity jurisdiction under 28 U.S.C. § 1332."); *Cohn v. PetSmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).  A true and correct copy of the email dated July 2, 2020 with the attached redacted letter dated July 1, 2020, without enclosures, from counsel for TAAD to counsel for Defendants is attached hereto as Exhibit "C."

10.    If TADD initially filed this lawsuit in federal court, this Court would have had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

11.    Removal is proper under 28 U.S.C. §§ 1441(a), (b), 1446.

12.    The exception to removal based on diversity citizenship in 28 U.S.C. § 1441(b)(2) does not apply as there are no Defendants of the State of California which have been "joined and served" in the State Court Action.

13.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1).

14.    Removal has been perfected within one year of the commencement of the State Court Action as required by 28 U.S.C. § 1446(c).

15.    Pursuant to 28 U.S.C. § 1446(d), Defendants are serving all adverse parties with a copy of this Notice or Removal.

16.    Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a copy of this Notice of Removal in the State Court Action.

///

///

///

DEFENDANTS THE HANOVER INSURANCE COMPANY AND CITIZENS INSURANCE COMPANY OF AMERICA'S NOTICE OF REMOVAL OF ACTION

3624451V.1

1

2

For these reasons, Defendants respectfully request that this case be removed from California state court to this Court.

3

4

Dated:  July 31, 2020

5

6

7

8

9

10

11

12

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:   /s/*David Simantob*
        David Simantob
        Linda T. Hoshide
        Shannon L. Santos
        Attorneys for Defendants,
        *THE HANOVER INSURANCE COMPANY and CITIZENS INSURANCE COMPANY OF AMERICA*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS THE HANOVER INSURANCE COMPANY AND CITIZENS INSURANCE COMPANY OF AMERICA'S NOTICE OF REMOVAL OF ACTION

3624451V.1

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
04/08/2020
CT Log Number 537514289

**TO:** Jennifer Lauro
The Hanover Insurance Group
N-430, 440 Lincoln St
Worcester, MA 01653-0002

**RE:** **Process Served in California**

**FOR:** The Hanover Insurance Company  (Domestic State: NH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | TAAD GROUP, INC., etc., Pltf. vs. THE HANOVER INSURANCE COMPANY., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20STCV08558 |
| **NATURE OF ACTION:** | Insurance Litigation - - |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/08/2020 at 14:06 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/08/2020, Expected Purge Date: 04/13/2020<br><br>Image SOP<br><br>Email Notification,  Service of Process  ogclitmail@hanover.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| **For Questions:** | 800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Page 1 of  1 / DC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Electronically FILED by Superior Court of California, County of Los Angeles on 03/02/2020 01:54 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

4/8/20 @ 11:55 A

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE HANOVER INSURANCE COMPANY, a New Hampshire
Corporation; (See Attachment For Additional Parties)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TAAD GROUP, INC., a California corporation, doing business as
"PROTREND, LTD,"

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse | CASE NUMBER:<br>*(Número del Caso):*<br>20STCV08558 |
|---|---|

111 North Hill Street Los Angeles, CA 90012
CENTRAL DISTRICT

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Edward J. Chong, Esq. 3325 Wilshire Blvd., Suite 1250 Los Angeles, CA 90010, (213) 386-1990

| DATE: 03/02/2020<br>*(Fecha)* | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by _____, Deputy<br>*(Secretario)* R. Clifton *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒☒ on behalf of *(specify):* CITIZENS INSURANCE COMPANY OF AMERICA , a Michigan corporation

   under: ☒☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| TAAD Group, Inc. vs. The Hanover Insurance Company, Et al. | |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

CITIZENS INSURANCE COMPANY OF AMERICA, a Michigan Corporation, and DOES 1 to 100, inclusive,

Page  1  of  1

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Monica Bachner

1  **Edward J. Chong, ESQ. (SBN 201409)**
   **Law Office of Edward Chong, APC**
2  3325 Wilshire Boulevard, Suite 1250
   Los Angeles, CA 90010
3  TEL: (213) 386 - 1990
   FAX: (213) 386 - 1800
4
   Attorney for Plaintiff
5

6              **SUPERIOR COURT OF CALIFORNIA**

7      **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

8                  **UNLIMITED JURISDICTION**

9

10  **TAAD GROUP, INC.**, a California           ) Case No.: 20STCV08558
    corporation, doing business as **"PROTREND,** )
11                                              ) **COMPLAINT FIOR DAMAGES AND**
    **LTD,"**                                    ) **DEMAND FOR JURY TRIAL**
12                                              )
                       Plaintiff                 )
13                                              )      1. **BAD FAITH DENIAL OF**
                         vs.                     )         **INSURANCE COVERAGE AND**
14                                              )         **DEFENSE**
                                                )
15  **THE HANOVER INSURANCE**                    )
    **COMPANY.**, a New Hampshire Corporation;   )      2. **BREACH OF INSURANCE**
16  **CITIZENS INSURANCE COMPANY OF**            )         **AGREEMENTS**
    **AMERICA**, a Michigan Corporation, and     )
17  **DOES 1 to 100**, inclusive,                )
                                                )
18                                              )      3. **INTENTIONAL**
                      Defendants.                )         **MISREPRESENTATION OF**
19                                              )         **COVERAGE**
                                                )
20                                              )
                                                )      4. **NEGLIGENT**
21                                              )         **MISREPRESENTATION OF**
                                                )         **COVERAGE**
22                                              )
                                                )
23                                              )
24                                              )
25
26
27                                              )
28

_____
                COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
                                    -1-

COME NOW plaintiff **TAAD GROUP, INC.,** a California corporation, doing business as **"PROTREND, LTD,"** and hereby alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff **TAAD GROUP, INC.,** a California corporation, doing business as **"PROTREND, LTD,"** is and at all relevant times was, an entity qualified to do business and doing business in the County Of Los Angeles, State of California.

2. Defendant **THE HANOVER INSURANCE COMPANY** is a New Hampshire Corporation business in the County Of Los Angeles, State of California.

3. Defendant **CITIZENS INSURANCE COMPANY OF AMERICA** is a Michigan Corporation business in the County Of Los Angeles, State of California.

4. Plaintiff is informed and believes and on that basis alleges that in taking the actions alleged herein, each of said defendants was acting in concert and conspiracy with the other defendants and/or in their capacity as agents, employees or conduits for the other defendants, within the course and scope of their agency and employment, and with the express or implied consent and authority of each other.  There further is a unity of interest among defendants, and each of them.  Each defendant had knowledge of and agreed to both the wrongful objective and course of action taken herein alleged by defendants, and each of them, with the purpose of injuring plaintiff, resulting in damage to plaintiff as herein alleged.

5. Plaintiff does not know the true names or capacities, whether individual, corporate, associate or otherwise, of Does 1 through 100, inclusive, and therefore sues them by such fictitious names pursuant to Code Of Civil Procedure section 474.  Plaintiff is informed and believes and upon such information and belief alleges that each of the defendants designated as a Doe is legally responsible in some manner for the events and

1    happenings hereinafter referred to , and caused injuries and damages thereby as

2    hereinafter alleged.  Plaintiff will seek leave of court to amend this complaint to show

3    the true names and capacities of the defendants designated as Does when the same have

4    been ascertained.

5

6                        **FACTS COMMON TO ALL CLAIMS**

7

8

9    6.   Plaintiff repeats and re-alleges Paragraphs 1 through 5 of this Complaint and

10        incorporates them by reference as though fully set forth herein.

11   7.   On or about July 2017, defendant **THE HANOVER INSURANCE COMPANY**

12        issued a certain commercial general liability policy of insurance to protect plaintiff in

13        the events of covered claims.  The policy number was Zb3 D317655 00

14   8.   On or about July 2017, defendant **CITIZENS INSURANCE COMPANY OF**

15        **AMERICA** issued a certain commercial general liability policy of insurance to protect

16        plaintiff in the events of covered claims.  The policy number was Zb3 D317655 00.

17

18   9.   In 2019, a lawsuit was filed against the plaintiff a competitor, Klauber Brothers, in the

19        apparel field who also sued one of plaintiff's direct customers The Dress Barn.

20        Annexed hereto as <u>Exhibit 1</u> is the pleading received from that lawsuit, styled as a

21        "counterclaim."

22   10.  Upon receiving service of process, plaintiff, as a counter-defendant in that action,

23        through plaintiffs' counsel the Kimm Law Firm, initiated defense.  Through plaintiff's

24        local counsel in Los Angeles, Edward Chong, Esq. plaintiff demanded coverage and

25        defense from defendant The Hanover Insurance Company.

26

27   11.  By letter dated April 22, 2019, and follow-up letter dated June 11, 2019 plaintiff

28        requested insurance benefits and invoked the "advertising injury" protection in Policy

          Number Zb3 D317655 00 . Plaintiff requested immediate defense and indemnification.

As alleged in paragraph 26 of the complaint, the counterclaim of Klauber Brothers which triggers potential liability for advertising injury states in sum and substance: "26. Klauber is informed and believes and thereon alleges that Counter-defendants, and each of them, infringed Klauber's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling

12.   The advertising injury coverage of the policies is set forth in Section I Coverage B of the policy.

13. The duty to defend is broader than the duty to indemnify any insurance claim.

14. Immediately upon plaintiff's counsel's request for defense and indemnification, defendants were under a duty to provide defense and ultimately indemnification. Defendants failed to provide any defense and failed to provide indemnification. Ultimately, plaintiff defended through its retained counsel and litigated a defense of the action and settled for a nominal sum of $25,000.00.

15.   Defendants deliberately, willfully, and in bad faith failed and refused to cover, to indemnify, or to defend.  Defendants' refusal was to even defend was legally and factually frivolous.

16.  Venue in Los Angeles County is proper because this is where Plaintiff's principal place of business is located and where the policy benefits are due.


**FIRST CAUSE OF ACTION**

**(Bad Faith Denial of Coverage and Defense)**

**(Against All Defendants)**


17.  Plaintiff repeats and re-alleges Paragraphs 1 through 16 of this Complaint and

incorporates them by reference as though fully set forth herein.

18. Defendants' failure to provide coverage, defense, and indemnity is in bad faith. Defendants were under a duty to cover and indemnify. Defendants were under a greater duty to provide defense.

19. Defendants breached each of these duties in bad faith, and without a factual or legal basis to refuse. Defendants' actions were willful, malicious, wanton, and palpably contrary to the public policy of the State of California.

20. Plaintiff has been injured. Plaintiff has been forced to retain private counsel and to incur expenses in defending against the underlying lawsuit. Plaintiff is entitled to damages and punitive damages, legal fees and costs.

## SECOND CAUSE OF ACTION

### (Breach of Insurance Agreements)

### (Against All Defendants)

21. Plaintiff repeats and re-alleges Paragraphs 1 through 20 of this Complaint and incorporates them by reference as though fully set forth herein.

22. Defendants have committed one or more breaches of contract.

23. Plaintiff has been injured. Plaintiff has been forced to retain private counsel and to incur expenses in defending against the underlying lawsuit. Plaintiff is entitled to damages, legal fees and costs

## THIRD CAUSE OF ACTION

### (Intentional Misrepresentation of Coverage)

### (Against All Defendants)

24. Plaintiff repeats and re-alleges Paragraphs 1 through 22 of this Complaint and incorporates them by reference as though fully set forth herein.

25. At the time the applicable policies were procured, plaintiff discussed the primary purpose of seeking coverage with defendants and/or defendants' agents. Plaintiff described that plaintiff was in the business of designing and manufacturing apparel products both as its own designs and as a contract producer of third-party designs. Plaintiff discussed the need to protect against allegations of copyright or design infringement which sometimes are lodged by competitors in the apparel market. Defendants and/or their agents knew and should have known the scope of coverage plaintiff was seeking and should have included protection for copyright infringement, among other things.

26. At all relevant times, defendants and/or their agents induced plaintiff to procure the subject insurance policies on the representation, in sum and substance, which was false when made, that plaintiff's needs were covered by the "advertising injury" policy and plaintiff's principal business activity was sufficiently protected.

27. Defendants' current disclaimer of coverage is a contradiction of its inducement to contract. Defendants intentionally induced plaintiff's contract(s) by false representations.

28. Plaintiff paid substantial premium for policies that failed to provide required coverage and has been injured. Plaintiff is therefore entitled to damages, punitive damages, legal fees and costs.

## FOURTH CAUSE OF ACTION

### (Negligent Misrepresentation of Coverage)

### (Against All Defendants)

29. Plaintiff repeats and re-alleges Paragraphs 1 through 28 of this Complaint and incorporates them by reference as though fully set forth herein.

30. At the time the applicable policies were procured, defendants owed plaintiff a duty to assist plaintiff in procuring the subject insurance policies. Plaintiff discussed the primary purpose of seeking coverage with defendants and/or defendants' agents. Plaintiff described that plaintiff was in the business of designing and manufacturing apparel products both as its own designs and as a contract producer of third-party designs. Plaintiff discussed the need to protect against allegations of copyright or design infringement which sometimes are lodged by competitors in the apparel market. Defendants and/or their agents knew and should have known the scope of coverage plaintiff was seeking and should have included protection for copyright infringement, among other things.

31. At all relevant times, defendants and/or their agents breached their duty owed to plaintiff and induced plaintiff to procure the subject insurance policies on the representation, in sum and substance, which was false when made, that plaintiff's needs were covered by the "advertising injury" policy and plaintiff's principal business activity was sufficiently protected.

32. Defendants' current disclaimer of coverage is a contradiction of its inducement to contract. Defendants negligently induced plaintiff's contract(s) by false representations.

33. Plaintiff paid substantial premium for policies that failed to provide required coverage and has been injured. Plaintiff is therefore entitled to damages, legal fees and costs.

WHEREFORE, the Court should grant judgment in plaintiff's favor and against defendants, and each of them as follows:

1. Compensatory damages;

2. Punitive damages;

3. Attorneys' fees and costs; and

4. Any other relief the Court deems just and proper.

Dated: March 2, 2020                    Law Office of Edward Chong, APC

                                        By: _____
                                            EDWARD J. CHONG, ESQ.
                                            Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: March 2, 2020                    Law Office of Edward Chong, APC

                                        By: _____
                                            EDWARD J. CHONG, ESQ.
                                            Attorney for Plaintiff

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| The Dress Barn, Inc., <br><br> Plaintiff, <br><br> -against- <br><br> Klauber Brothers, Inc., <br><br> Defendant. <br><br><br><br> Klauber Brothers, Inc., <br><br> Counterclaimant, <br><br> v. <br><br> The Dress Barn, Inc.; Protrend, Ltd.; and DOES 1-10, <br><br> Counterdefendants. | Case No.: 1:18-cv-08085-DLC <br><br> DEFENDANT KLAUBER BROTHERS, INC.'S FIRST AMENDED COUNTERCLAIMS FOR: <br><br> 1. COPYRIGHT INFRINGEMENT <br><br> <u>Jury Trial Demanded</u> |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Klauber Brothers, Inc. ("Klauber"), respectfully submits the following amended counterclaims to Plaintiff The Dress Barn, Inc. ("Dress Barn")'s Complaint.

## COUNTERCLAIMS

Defendant and Counterclaimant, Klauber, by and through its undersigned attorneys, hereby prays to this honorable Court for relief as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

1

AMENDED COUNTERCLAIMS

3.   Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Klauber reserves the right to challenge personal jurisdiction in this action.

### PARTIES

4.   Counterclaimant is a corporation organized and existing under the laws of the State of California with its principal place of business located in Los Angeles County.

5.   Counterclaimant is informed and believes and thereon alleges that Counterdefendant Dress Barn is a corporation organized and existing under the laws of the state of Connecticut, and is doing business in and with the state of New York.

6.   Counterclaimant is informed and believes and thereon alleges that Counterdefendant Protrend Limited is a corporation organized and existing under the laws of the state of California, and is doing business in and with the state of New York.

7.   Counterclaimant is informed and believes and thereon alleges that some Counterdefendants, DOES 1 through 4, inclusive, are manufacturers and/or vendors of garments to Counterdefendants, which DOE Counterdefendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Counterclaimant's copyrighted designs (as hereinafter defined) without Counterclaimant's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Counterdefendants DOES 1-4, inclusive, are presently unknown to Counterclaimant, which therefore sues said DOE Counterdefendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

8.   Counterdefendants DOES 5 through 10, inclusive, are other parties not yet identified who have infringed Counterclaimant's copyrights, have contributed to the infringement of Counterclaimant's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Counterdefendants DOES 5 through 10, inclusive, are presently unknown to Counterclaimant, which therefore sues said DOE Counterdefendants by such fictitious names, and will seek leave to amend these Counterclaims to show their true names and capacities when same have been ascertained.

## CLAIMS RELATED TO DESIGN NO. 7010

9.     Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design Plaintiff's Internal Design Number 7010 ("Subject Design A"). This artwork was a creation of Klauber or its design team, and is, and at all relevant times was, owned exclusively by Klauber.

10.     Klauber applied for a United States Copyright Registration for the Subject Design A prior to the commencement of this action. The United State Copyright Office allocated the Subject Design A Registration No. VA 1-180-563.

11.     Prior to the acts complained of herein, Klauber sampled and sold over 1,500,000 yards of lace bearing Subject Design A to numerous parties in the fashion and apparel industries.

12.     Following this distribution of product bearing Subject Design A, Klauber's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design A, and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design A.

13.     Klauber is informed and believes and thereon alleges that, without Klauber's authorization, Dress Barn, caused to be manufactured, sold, imported and/or distributed fabric and/or garments bearing lace featuring designs which are identical to, substantially similar to, or unlawful derivatives of Subject Design A ("Infringing Product A"). Klauber is informed and believes and thereon alleges that, without Klauber's authorization, certain Doe counterdefendants created, manufactured, sold, at least to Dress Barn, and distributed Infringing Product A. Such garments include, but are not limited to, garments sold by Dress Barn under item SKU or identification no. 0433326 and bearing the label "established 1962" and RN 63264, indicating said garments were manufactured by or for Dress Barn. Below is a table providing a comparison of Subject Design A with a non-exhaustive exemplar of such Infringing Product A:

///

3



| Klauber Design 7010 – Subject Design A | Infringing Product A Exemplar |

4



14.    The above comparison makes apparent that the elements, composition, colors, selection and arrangement of elements, layout, and appearance of the designs at issue are substantially similar, strikingly similar, and virtually identical. Particularly in light of Counterdefendants' infringement of two other Klauber designs as alleged herein below, the similarities between the above designs, at a minimum, reflect Counterdefendants' creation and exploitation of an unlawful derivative design based on Klauber's original Subject Design A in contravention of 17 U.S.C. § 106(2).

5

15.    Klauber is informed and believes and thereon alleges that Counterdefendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Klauber's rights, and/or in blatant disregard for Klauber's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Counterdefendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Dress Barn specifically is a sophisticated fashion corporation that is generally aware of copyrights in textile designs and as alleged herein exploited unlawful copies or derivatives of at least two distinct Klauber designs without seeking or obtaining Klauber's authorization for such exploitation. Dress Barn's use of the designs herein then was undertaken in reckless if not willful disregard for Klauber's rights.

## CLAIMS RELATED TO DESIGN NO. 688

16.    Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design Plaintiff's Internal Design Number 688 ("Subject Design B"). This artwork was a creation of Klauber or its design team, and is, and at all relevant times was, owned exclusively by Klauber.

17.    Klauber applied for a United States Copyright Registration for the Subject Design B prior to the commencement of this action. The United State Copyright Office allocated the Subject Design B Registration No. VA 1-350-717.

18.    Prior to the acts complained of herein, Klauber sampled and sold lace bearing Subject Design B to numerous parties in the fashion and apparel industries, and those sales alone totaled more than 230,000 yards of product bearing Subject Design B.

19.    Following this distribution of product bearing Subject Design B, Klauber's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design B, and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design B.

6

20.     Klauber is informed and believes and thereon alleges that, without Klauber's

authorization, Dress Barn, caused to be manufactured, sold, imported and/or distributed fabric

and/or garments bearing lace featuring designs which are identical to, substantially similar to, or

unlawful derivatives of Subject Design B ("Infringing Product B"). Certain Doe

counterdefendants created, manufactured, sold, at least to Dress Barn, and distributed Infringing

Product B. Such garments include, but are not limited to, garments sold by Dress Barn under item

SKU or identification no. 0442749 and bearing the label "roz & ALI" and RN 63264, indicating

said garments were manufactured by or for Dress Barn. Below is a table providing a comparison

of Subject Design B with a non-exhaustive exemplar of such Infringing Product B:



| Klauber Design 688 – Subject Design B | Infringing Product B Exemplar |
|---|---|
| | Detail: |
| | Garment: |

AMENDED COUNTERCLAIMS



AMENDED COUNTERCLAIMS

21.     The above comparison makes apparent that the elements, composition, colors, selection and arrangement of elements, layout, and appearance of the designs at issue are substantially similar and strikingly similar. Particularly in light of Counterdefendants' infringement of two other Klauber designs as alleged herein above and below, the similarities between these designs, at a minimum, reflect Counterdefendants' creation and exploitation of a simpler and less expensive unlawful derivative design based on Klauber's original Subject Design B in contravention of 17 U.S.C. § 106(2).

22.     Klauber is informed and believes and thereon alleges that Counterdefendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Klauber's rights, and/or in blatant disregard for Klauber's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Counterdefendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## CLAIMS RELATED TO DESIGN NO. 845

23.     Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design Plaintiff's Internal Design Number 845 ("Subject Design C"). This artwork was a creation of Klauber or its design team, and is, and at all relevant times was, owned exclusively by Klauber.

24.     Klauber applied for a United States Copyright Registration for the Subject Design C prior to the commencement of this action. The United State Copyright Office allocated the Subject Design C Registration No. VA 1-992-804.

25.     Prior to the acts complained of herein, Klauber sampled and sold lace bearing Subject Design C to numerous parties in the fashion and apparel industries, and those sales alone totaled more than 330,000 yards of product bearing Subject Design C.

9

AMENDED COUNTERCLAIMS

26.     Following this distribution of product bearing Subject Design C, Klauber's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design C, and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design C.

27.     Klauber is informed and believes and thereon alleges that, without Klauber's authorization, Dress Barn, caused to be manufactured, sold, imported and/or distributed fabric and/or garments bearing lace featuring designs which are identical to, substantially similar to, or unlawful derivatives of Subject Design C ("Infringing Product C"). Certain Doe counterdefendants created, manufactured, sold, at least to Dress Barn, and distributed Infringing Product C. Such garments include, but are not limited to, garments sold by Dress Barn under item SKU or identification no. 2165506 and bearing the label "roz & ALI" (a Dress Barn trademark) and RN 57096 (Protrend's RN), indicating said garments were manufactured by or for Protrend for Dress Barn's benefit and ultimate retail sale. Below is a table providing a comparison of Subject Design C with a non-exhaustive exemplar of such Infringing Product C:

///

AMENDED COUNTERCLAIMS



AMENDED COUNTERCLAIMS



28.     The above comparison makes apparent that the elements, composition, selection and arrangement of elements, layout, and appearance of the designs at issue are substantially similar,

12

strikingly similar, and virtually identical. At a minimum, especially in light of Counterdefendants'
infringement of two separate Klauber designs as alleged herein above, the similarities between
these designs reflect Counterdefendants' creation and exploitation an unlawful derivative design
based on Klauber's original Subject Design C in contravention of 17 U.S.C. § 106(2).

29.     Klauber is informed and believes and thereon alleges that Counterdefendants, and each
of them, have committed copyright infringement with actual or constructive knowledge of
Klauber's rights, and/or in blatant disregard for Klauber's rights, such that said acts of copyright
infringement were, and continue to be, willful, intentional and malicious, subjecting
Counterdefendants, and each of them, to liability for statutory damages under Section 504(c)(2) of
the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per
infringement.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Counterdefendants)

30.     Klauber repeats, re-alleges and incorporates herein by reference as though fully set
forth the allegations contained in the preceding paragraphs of these Counterclaims.

31.     Klauber is informed and believes and thereon alleges that Counterdefendants, and each
of them, had access to Subject Design A, Subject Design B, and Subject Design C (collectively
"Subject Designs"), including, without limitation, through (a) access to Klauber's showroom
and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-
party vendors and/or DOE Counterdefendants, including without limitation international and/or
overseas converters and printing mills; (c) access to Klauber's strike-offs and samples, and (d)
access to garments manufactured with fabric lawfully printed through Klauber. Dress Barn in
particular is exceedingly likely to have accessed the Subject Designs in at least one of the manners
listed above as it has made unlawful use of three distinct Klauber designs as alleged herein, and it
is far more likely than not that this use reflects access to Klauber's designs as opposed to mere
happenstance. The nature of the copying itself is also evidence of access.

13

32.     Klauber is informed and believes and thereon alleges that one or more of the Counterdefendants, specifically including Protrends, manufactures garments and/or is a garment vendor.  Klauber is further informed and believes and thereon alleges that said Counterdefendant(s) has an ongoing business relationship with Counterdefendant retailer, Dress Barn amongst potential Doe Counterdefendants, and each of them, and supplied garments to said retailer, which garments infringed the Subject Designs in that said garments were composed of fabric which featured unauthorized textile designs that were identical, substantially similar to, or unlawful derivatives of the Subject Designs.

33.     Klauber is informed and believes and thereon alleges that Counterdefendants, and each of them, infringed Klauber's copyrights by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling garments which infringe the Subject Designs through a network of retail stores and on-line outlets.

34.     Due to Counterdefendants' acts of infringement, Klauber has suffered substantial damages to its business in an amount to be established at trial.

35.     Due to Counterdefendants' acts of infringement, Klauber has suffered general and special damages in an amount to be established at trial.

36.     Due to Counterdefendants' acts of copyright infringement as alleged herein, Counterdefendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Klauber is entitled to disgorgement of Counterdefendants' profits directly and indirectly attributable to Counterdefendants' infringement of the Subject Designs in an amount to be established at trial.

37.     On information and belief, Defendant alleges that Counterdefendants, and each of them, engaged in the above infringement willfully and/or with reckless disregard for Defendants' copyrights. So owing, Defendant may seek enhanced and/or statutory damages in an amount up to $150,000.00 per infringement, and seek to preclude certain profit calculation deductions and affirmative defense.

14

AMENDED COUNTERCLAIMS

## PRAYER FOR RELIEF

Wherefore, Klauber prays for judgment as follows:

### Against All Counterdefendants

### With Respect to Each Claim for Relief

a. That Counterdefendants, their agents and employees be enjoined from infringing Klauber's copyrights in any manner, specifically those for the Subject Designs;

b.   That Klauber be awarded all profits of Counterdefendants plus all losses of Klauber, plus any other monetary advantage gained by the Counterdefendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*;

c.   That Klauber be awarded its attorneys' fees as available under the Copyright Act U.S.C. §§ 101, *et seq.*;

d.   That Klauber be awarded pre-judgment interest as allowed by law;

e.   That Klauber be awarded the costs of this action; and

f.   That Klauber be awarded such further legal and equitable relief as the Court deems proper.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: December 28, 2018          By: _____

Scott-Alan Burroughs, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
231 Norman Avenue, Suite 413
Brooklyn, New York 11222
(310) 590-1820
scott@donigerlawfirm.com
Attorneys for Defendant Klauber Brothers, Inc.

15

ctronically FILED by Superior Court of California, County of Los Angeles on 03/02/2020 01:34 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk

Case 2:20-cv-08914 Document 1-4 Filed 09/31/20 Page 34 of 130 Page ID #:34

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Edward J. Chong, Esq.  SBN: 201409<br>Law Office of Edward Chong, APC<br>3325 Wilshire Blvd Suite 1250<br>Los Angeles CA 90010<br>TELEPHONE NO.: (213) 386-1990     FAX NO.: (213) 386-1800<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS: 111 N Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central District

CASE NAME:
TAAD Group, Inc. vs. The Hanover Insurance Company, Et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount       (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 20STCV08558<br><br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☑ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):*  4
5. This case ☐ is ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 3/2/2020
Edward J. Chong, Esq.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SHORT TITLE: TAAD Group, Inc. vs. The Hanover Insurance Company, Et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
# STATEMENT OF LOCATION
# (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: TAAD Group, Inc. vs. The Hanover Insurance Company, Et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☑ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

SHORT TITLE: TAAD Group, Inc. vs. The Hanover Insurance Company, Et al. | CASE NUMBER

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☐ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: TAAD Group, Inc. vs. The Hanover Insurance Company, Et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☑ 2. ☐ 3. ☐ 4. ☑ 5. ☐ 6. ☐ 7. ☑ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br><br>6409 GAYHART ST |
|---|---|
| CITY:<br><br>Commerce | STATE:<br><br>CA | ZIP CODE:<br><br>90040 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 3/2/2020

_(SIGNATURE OF ATTORNEY/FILING PARTY)_

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012 • | **FILED** Superior Court of California County of Los Angeles 03/02/2020 Sherri R. Carter, Executive Officer / Clerk of Court By: R. Clifton Deputy |
| NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER: 20STCV08558 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Monica Bachner | 71 | · | ■ | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 03/04/2020
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Clifton_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) <br> — MANDATORY ELECTRONIC FILING ) <br> FOR CIVIL ) <br> ) <br> ) <br> ) <br> _____ ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

    a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

    b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

    c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

    d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

    i) Depositions;

    ii) Declarations;

    iii) Exhibits (including exhibits to declarations);

    iv) Transcripts (including excerpts within transcripts);

    v) Points and Authorities;

    vi) Citations; and

    vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)   Any printed document required pursuant to a Standing or General Order;

   ii)  Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv)  Demurrers;

   v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)  Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1  11) SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3       Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4       Division of the Los Angeles County Superior Court.

5

6            This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED: May 3, 2019                

                                       KEVIN C. BRAZILE
11                                     Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California**
**County of Los Angeles**



**Los Angeles County**
**Bar Association**
**Litigation Section**

**Los Angeles County**
**Bar Association Labor and**
**Employment Law Section**



**Consumer Attorneys**
**Association of Los Angeles**



**Southern California**
**Defense Counsel**



**Association of**
**Business Trial Lawyers**



**California Employment**
**Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆Los Angeles County Bar Association Litigation Section◆

◆ Los Angeles County Bar Association
Labor and Employment Law Section◆

◆Consumer Attorneys Association of Los Angeles◆

◆Southern California Defense Counsel◆

◆Association of Business Trial Lawyers◆

◆California Employment Lawyers Association◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):     FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core."):

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
            (INSERT DATE)                                      (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____         &gt;_____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date:

_____         &gt;_____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____         &gt;_____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____         &gt;_____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____         &gt;_____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date:

_____         &gt;_____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date:

_____         &gt;_____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | FAX NO. (Optional): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT.

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

<table>
<tr><td>NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY</td><td>STATE BAR NUMBER</td><td>Reserved for Clerk's File Stamp</td></tr>
<tr><td>TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):</td><td>FAX NO. (Optional):</td><td></td></tr>
</table>

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____ )

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____ )

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date:   _____          _____
                                                                      JUDICIAL OFFICER

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

**The Civil Mediation Vendor Resource List**
If all parties agree to mediation, they may contact these organizations to request a Resource List for mediation at reduced cost or no cost (for selected cases).

ADR Services, Inc. Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
JAMS, Inc. Senior Case Manager mbinder@jamsadr.com (310) 309-6204
Mediation Center of Los Angeles (MCLA) Program Manager info@mediationLA.org (833) 476-9145
Only MCLA provides mediation in-person, by phone and by videoconference.

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADRRes list for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate or small claims cases.

**Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/
Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil.
○ Free day of trial mediations at the courthouse. No appointment needed.
○ Free or low cost mediations before the day of trial.
○ For free or low cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

**Mediators and ADR and Bar organizations that provide mediation may be found on the internet.**

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

2

EXHIBIT B

 **CT** Corporation

**Service of Process Transmittal**
04/08/2020
CT Log Number 537514289

TO: Jennifer Lauro
The Hanover Insurance Group
N-430, 440 Lincoln St
Worcester, MA 01653-0002

RE: **Process Served in California**

FOR: The Hanover Insurance Company  (Domestic State: NH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | TAAD GROUP, INC., etc., Pltf. vs. THE HANOVER INSURANCE COMPANY., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20STCV08558 |
| **NATURE OF ACTION:** | Insurance Litigation - - |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/08/2020 at 14:06 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/08/2020, Expected Purge Date: 04/13/2020<br><br>Image SOP<br><br>Email Notification,  Service of Process  ogclitmail@hanover.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| **For Questions:** | 800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Page 1 of  1 / DC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

ctronically FILED by Superior Court of California, County of Los Angeles on 03/02/2020 01:54 PM Sherri R. Carter Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

THE HANOVER INSURANCE COMPANY, a New Hampshire Corporation; (See Attachment For Additional Parties)

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

TAAD GROUP, INC., a California corporation, doing business as "PROTREND, LTD,"

| FOR COURT USE ONLY |
| --- |
| (SOLO PARA USO DE LA CORTE) |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> (El nombre y dirección de la corte es:) Stanley Mosk Courthouse <br><br> 111 North Hill Street Los Angeles, CA 90012 <br> CENTRAL DISTRICT | CASE NUMBER: <br> (Número del Caso): <br><br> 20STCV08558 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Edward J. Chong, Esq. 3325 Wilshire Blvd., Suite 1250 Los Angeles, CA 90010, (213) 386-1990

| DATE: 03/02/2020 <br> (Fecha) | Sherri R. Carter Executive Officer / Clerk of Court <br> Clerk, by _____ R. Clifton , Deputy <br> (Secretario) (Adjunto) |
| --- | --- |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒☒ on behalf of (specify): CITIZENS INSURANCE COMPANY OF AMERICA , a Michigan corporation

under: ☒☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| TAAD Group, Inc. vs. The Hanover Insurance Company, Et al. | |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

CITIZENS INSURANCE COMPANY OF AMERICA, a Michigan Corporation, and DOES 1 to 100, inclusive,

Page 1 of 1

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1  **Edward J. Chong, ESQ. (SBN 201409)**
   **Law Office of Edward Chong, APC**
2  3325 Wilshire Boulevard, Suite 1250
   Los Angeles, CA 90010
3  TEL: (213) 386 - 1990
   FAX: (213) 386 - 1800
4
   Attorney for Plaintiff
5

6                 **SUPERIOR COURT OF CALIFORNIA**

7        **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

8                     **UNLIMITED JURISDICTION**

9

10 **TAAD GROUP, INC.,** a California              ) Case No.: 20STCV08558
   corporation, doing business as **"PROTREND,**  )
11 LTD,"                                           ) **COMPLAINT FIOR DAMAGES AND**
                                                   ) **DEMAND FOR JURY TRIAL**
12
                    Plaintiff                      )
13                                                 )      1. **BAD FAITH DENIAL OF**
                     vs.                           )         **INSURANCE COVERAGE AND**
14                                                 )         **DEFENSE**
                                                   )
15 **THE HANOVER INSURANCE**                       )
   **COMPANY.,** a New Hampshire Corporation;      )      2. **BREACH OF INSURANCE**
16 **CITIZENS INSURANCE COMPANY OF**               )         **AGREEMENTS**
   **AMERICA,** a Michigan Corporation, and        )
17 **DOES 1 to 100,** inclusive,                   )
                                                   )
18                                                 )      3. **INTENTIONAL**
                    Defendants.                    )         **MISREPRESENTATION OF**
19                                                 )         **COVERAGE**
                                                   )
20                                                 )
                                                   )      4. **NEGLIGENT**
21                                                 )         **MISREPRESENTATION OF**
                                                   )         **COVERAGE**
22                                                 )
                                                   )
23
24
25
26
27
28

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
-1-

1    COME NOW plaintiff **TAAD GROUP, INC.,** a California corporation, doing business

2    as **"PROTREND, LTD,"** and hereby alleges as follows:

3

4

5                    <u>**GENERAL ALLEGATIONS**</u>

6

7    **1.**   Plaintiff **TAAD GROUP, INC.,** a California corporation, doing business as

8            **"PROTREND, LTD,"** is and at all relevant times was, an entity qualified to do

9            business and doing business in the County Of Los Angeles, State of California.

10   **2.**   Defendant **THE HANOVER INSURANCE COMPANY** is a New Hampshire

11          Corporation business in the County Of Los Angeles, State of California.

12   **3.**   Defendant **CITIZENS INSURANCE COMPANY OF AMERICA** is a Michigan

13          Corporation business in the County Of Los Angeles, State of California.

14   **4.**   Plaintiff is informed and believes and on that basis alleges that in taking the actions

15          alleged herein, each of said defendants was acting in concert and conspiracy with the

16          other defendants and/or in their capacity as agents, employees or conduits for the other

17          defendants, within the course and scope of their agency and employment, and with the

18          express or implied consent and authority of each other.  There further is a unity of

19          interest among defendants, and each of them.  Each defendant had knowledge of and

20          agreed to both the wrongful objective and course of action taken herein alleged by

21          defendants, and each of them, with the purpose of injuring plaintiff, resulting in damage

22          to plaintiff as herein alleged.

23

24

25   **5.**   Plaintiff does not know the true names or capacities, whether individual, corporate,

26          associate or otherwise, of Does 1 through 100, inclusive, and therefore sues them by

27          such fictitious names pursuant to Code Of Civil Procedure section 474.  Plaintiff is

28          informed and believes and upon such information and belief alleges that each of the

        defendants designated as a Doe is legally responsible in some manner for the events and

─────────────────────────────────────────────

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   happenings hereinafter referred to , and caused injuries and damages thereby as

2   hereinafter alleged.  Plaintiff will seek leave of court to amend this complaint to show

3   the true names and capacities of the defendants designated as Does when the same have

4   been ascertained.

## FACTS COMMON TO ALL CLAIMS

6.   Plaintiff repeats and re-alleges Paragraphs 1 through 5 of this Complaint and
     incorporates them by reference as though fully set forth herein.

7.   On or about July 2017, defendant **THE HANOVER INSURANCE COMPANY**
     issued a certain commercial general liability policy of insurance to protect plaintiff in
     the events of covered claims.  The policy number was Zb3 D317655 00

8.   On or about July 2017, defendant **CITIZENS INSURANCE COMPANY OF
     AMERICA** issued a certain commercial general liability policy of insurance to protect
     plaintiff in the events of covered claims.  The policy number was Zb3 D317655 00.

9.   In 2019, a lawsuit was filed against the plaintiff a competitor, Klauber Brothers, in the
     apparel field who also sued one of plaintiff's direct customers The Dress Barn.
     Annexed hereto as <u>Exhibit 1</u> is the pleading received from that lawsuit, styled as a
     "counterclaim."

10.  Upon receiving service of process, plaintiff, as a counter-defendant in that action,
     through plaintiffs' counsel the Kimm Law Firm, initiated defense.  Through plaintiff's
     local counsel in Los Angeles, Edward Chong, Esq. plaintiff demanded coverage and
     defense from defendant The Hanover Insurance Company.

11.  By letter dated April 22, 2019, and follow-up letter dated June 11, 2019 plaintiff
     requested insurance benefits and invoked the "advertising injury" protection in Policy
     Number Zb3 D317655 00 . Plaintiff requested immediate defense and indemnification.

As alleged in paragraph 26 of the complaint, the counterclaim of Klauber Brothers which triggers potential liability for advertising injury states in sum and substance: "26. Klauber is informed and believes and thereon alleges that Counter-defendants, and each of them, infringed Klauber's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling

12.   The advertising injury coverage of the policies is set forth in Section I Coverage B of the policy.

13.   The duty to defend is broader than the duty to indemnify any insurance claim.

14.   Immediately upon plaintiff's counsel's request for defense and indemnification, defendants were under a duty to provide defense and ultimately indemnification. Defendants failed to provide any defense and failed to provide indemnification. Ultimately, plaintiff defended through its retained counsel and litigated a defense of the action and settled for a nominal sum of $25,000.00.

15.   Defendants deliberately, willfully, and in bad faith failed and refused to cover, to indemnify, or to defend.  Defendants' refusal was to even defend was legally and factually frivolous.

16.   Venue in Los Angeles County is proper because this is where Plaintiff's principal place of business is located and where the policy benefits are due.

## FIRST CAUSE OF ACTION

### (Bad Faith Denial of Coverage and Defense)

### (Against All Defendants)

17.   Plaintiff repeats and re-alleges Paragraphs 1 through 16 of this Complaint and

incorporates them by reference as though fully set forth herein.

18. Defendants' failure to provide coverage, defense, and indemnity is in bad faith. Defendants were under a duty to cover and indemnify. Defendants were under a greater duty to provide defense.

19. Defendants breached each of these duties in bad faith, and without a factual or legal basis to refuse. Defendants' actions were willful, malicious, wanton, and palpably contrary to the public policy of the State of California.

20. Plaintiff has been injured. Plaintiff has been forced to retain private counsel and to incur expenses in defending against the underlying lawsuit. Plaintiff is entitled to damages and punitive damages, legal fees and costs.

## SECOND CAUSE OF ACTION

### (Breach of Insurance Agreements)

### (Against All Defendants)

21. Plaintiff repeats and re-alleges Paragraphs 1 through 20 of this Complaint and incorporates them by reference as though fully set forth herein.

22. Defendants have committed one or more breaches of contract.

23. Plaintiff has been injured. Plaintiff has been forced to retain private counsel and to incur expenses in defending against the underlying lawsuit. Plaintiff is entitled to damages, legal fees and costs

## THIRD CAUSE OF ACTION

### (Intentional Misrepresentation of Coverage)

### (Against All Defendants)

24. Plaintiff repeats and re-alleges Paragraphs 1 through 22 of this Complaint and incorporates them by reference as though fully set forth herein.

25. At the time the applicable policies were procured, plaintiff discussed the primary purpose of seeking coverage with defendants and/or defendants' agents. Plaintiff described that plaintiff was in the business of designing and manufacturing apparel products both as its own designs and as a contract producer of third-party designs. Plaintiff discussed the need to protect against allegations of copyright or design infringement which sometimes are lodged by competitors in the apparel market. Defendants and/or their agents knew and should have known the scope of coverage plaintiff was seeking and should have included protection for copyright infringement, among other things.

26. At all relevant times, defendants and/or their agents induced plaintiff to procure the subject insurance policies on the representation, in sum and substance, which was false when made, that plaintiff's needs were covered by the "advertising injury" policy and plaintiff's principal business activity was sufficiently protected.

27. Defendants' current disclaimer of coverage is a contradiction of its inducement to contract. Defendants intentionally induced plaintiff's contract(s) by false representations.

28. Plaintiff paid substantial premium for policies that failed to provide required coverage and has been injured. Plaintiff is therefore entitled to damages, punitive damages, legal fees and costs.

## FOURTH CAUSE OF ACTION

### (Negligent Misrepresentation of Coverage)

### (Against All Defendants)

29. Plaintiff repeats and re-alleges Paragraphs 1 through 28 of this Complaint and incorporates them by reference as though fully set forth herein.

30. At the time the applicable policies were procured, defendants owed plaintiff a duty to assist plaintiff in procuring the subject insurance policies.  Plaintiff discussed the primary purpose of seeking coverage with defendants and/or defendants' agents. Plaintiff described that plaintiff was in the business of designing and manufacturing apparel products both as its own designs and as a contract producer of third-party designs.  Plaintiff discussed the need to protect against allegations of copyright or design infringement which sometimes are lodged by competitors in the apparel market. Defendants and/or their agents knew and should have known the scope of coverage plaintiff was seeking and should have included protection for copyright infringement, among other things.

31. At all relevant times, defendants and/or their agents breached their duty owed to plaintiff and induced plaintiff to procure the subject insurance policies on the representation, in sum and substance, which was false when made, that plaintiff's needs were covered by the "advertising injury" policy and plaintiff's principal business activity was sufficiently protected.

32. Defendants' current disclaimer of coverage is a contradiction of its inducement to contract.  Defendants negligently induced plaintiff's contract(s) by false representations.

33. Plaintiff paid substantial premium for policies that failed to provide required coverage and has been injured.  Plaintiff is therefore entitled to damages, legal fees and costs.

       WHEREFORE, the Court should grant judgment in plaintiff's favor and against defendants, and each of them as follows:

          1.  Compensatory damages;

          2.  Punitive damages;

          3.  Attorneys' fees and costs; and

          4.  Any other relief the Court deems just and proper.

Dated: March 2, 2020          Law Office of Edward Chong, APC

                      By: _____
                            EDWARD J. CHONG, ESQ.
                            Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: March 2, 2020          Law Office of Edward Chong, APC

                      By: _____
                            EDWARD J. CHONG, ESQ.
                            Attorney for Plaintiff

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Dress Barn, Inc., <br><br> Plaintiff, <br><br> -against- <br><br> Klauber Brothers, Inc., <br><br> Defendant. | Case No.: 1:18-cv-08085-DLC <br><br> DEFENDANT KLAUBER BROTHERS, INC.'S FIRST AMENDED COUNTERCLAIMS FOR: <br><br> 1.  COPYRIGHT INFRINGEMENT <br><br> <u>Jury Trial Demanded</u> |
| Klauber Brothers, Inc., <br><br> Counterclaimant, <br><br> v. <br><br> The Dress Barn, Inc.; Protrend, Ltd.; and DOES 1-10, <br><br> Counterdefendants. | |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Klauber Brothers, Inc. ("Klauber"), respectfully submits the following amended counterclaims to Plaintiff The Dress Barn, Inc. ("Dress Barn")'s Complaint.

## COUNTERCLAIMS

Defendant and Counterclaimant, Klauber, by and through its undersigned attorneys, hereby prays to this honorable Court for relief as follows:

## JURISDICTION AND VENUE

1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

1

3.   Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Klauber reserves the right to challenge personal jurisdiction in this action.

## **PARTIES**

4.   Counterclaimant is a corporation organized and existing under the laws of the State of California with its principal place of business located in Los Angeles County.

5.   Counterclaimant is informed and believes and thereon alleges that Counterdefendant Dress Barn is a corporation organized and existing under the laws of the state of Connecticut, and is doing business in and with the state of New York.

6.   Counterclaimant is informed and believes and thereon alleges that Counterdefendant Protrend Limited is a corporation organized and existing under the laws of the state of California, and is doing business in and with the state of New York.

7.   Counterclaimant is informed and believes and thereon alleges that some Counterdefendants, DOES 1 through 4, inclusive, are manufacturers and/or vendors of garments to Counterdefendants, which DOE Counterdefendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Counterclaimant's copyrighted designs (as hereinafter defined) without Counterclaimant's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Counterdefendants DOES 1-4, inclusive, are presently unknown to Counterclaimant, which therefore sues said DOE Counterdefendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

8.   Counterdefendants DOES 5 through 10, inclusive, are other parties not yet identified who have infringed Counterclaimant's copyrights, have contributed to the infringement of Counterclaimant's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Counterdefendants DOES 5 through 10, inclusive, are presently unknown to Counterclaimant, which therefore sues said DOE Counterdefendants by such fictitious names, and will seek leave to amend these Counterclaims to show their true names and capacities when same have been ascertained.

2

## CLAIMS RELATED TO DESIGN NO. 7010

9.     Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design Plaintiff's Internal Design Number 7010 ("Subject Design A"). This artwork was a creation of Klauber or its design team, and is, and at all relevant times was, owned exclusively by Klauber.

10.     Klauber applied for a United States Copyright Registration for the Subject Design A prior to the commencement of this action. The United State Copyright Office allocated the Subject Design A Registration No. VA 1-180-563.

11.     Prior to the acts complained of herein, Klauber sampled and sold over 1,500,000 yards of lace bearing Subject Design A to numerous parties in the fashion and apparel industries.

12.     Following this distribution of product bearing Subject Design A, Klauber's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design A, and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design A.

13.     Klauber is informed and believes and thereon alleges that, without Klauber's authorization, Dress Barn, caused to be manufactured, sold, imported and/or distributed fabric and/or garments bearing lace featuring designs which are identical to, substantially similar to, or unlawful derivatives of Subject Design A ("Infringing Product A"). Klauber is informed and believes and thereon alleges that, without Klauber's authorization, certain Doe counterdefendants created, manufactured, sold, at least to Dress Barn, and distributed Infringing Product A. Such garments include, but are not limited to, garments sold by Dress Barn under item SKU or identification no. 0433326 and bearing the label "established 1962" and RN 63264, indicating said garments were manufactured by or for Dress Barn. Below is a table providing a comparison of Subject Design A with a non-exhaustive exemplar of such Infringing Product A:

///

3



| Klauber Design 7010 – Subject Design A | Infringing Product A Exemplar |

AMENDED COUNTERCLAIMS



14. The above comparison makes apparent that the elements, composition, colors, selection and arrangement of elements, layout, and appearance of the designs at issue are substantially similar, strikingly similar, and virtually identical. Particularly in light of Counterdefendants' infringement of two other Klauber designs as alleged herein below, the similarities between the above designs, at a minimum, reflect Counterdefendants' creation and exploitation of an unlawful derivative design based on Klauber's original Subject Design A in contravention of 17 U.S.C. § 106(2).

5

15.     Klauber is informed and believes and thereon alleges that Counterdefendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Klauber's rights, and/or in blatant disregard for Klauber's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Counterdefendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Dress Barn specifically is a sophisticated fashion corporation that is generally aware of copyrights in textile designs and as alleged herein exploited unlawful copies or derivatives of at least two distinct Klauber designs without seeking or obtaining Klauber's authorization for such exploitation. Dress Barn's use of the designs herein then was undertaken in reckless if not willful disregard for Klauber's rights.

## CLAIMS RELATED TO DESIGN NO. 688

16.     Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design Plaintiff's Internal Design Number 688 ("Subject Design B"). This artwork was a creation of Klauber or its design team, and is, and at all relevant times was, owned exclusively by Klauber.

17.     Klauber applied for a United States Copyright Registration for the Subject Design B prior to the commencement of this action. The United State Copyright Office allocated the Subject Design B Registration No. VA 1-350-717.

18.     Prior to the acts complained of herein, Klauber sampled and sold lace bearing Subject Design B to numerous parties in the fashion and apparel industries, and those sales alone totaled more than 230,000 yards of product bearing Subject Design B.

19.     Following this distribution of product bearing Subject Design B, Klauber's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design B, and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design B.

6

20.    Klauber is informed and believes and thereon alleges that, without Klauber's

authorization, Dress Barn, caused to be manufactured, sold, imported and/or distributed fabric

and/or garments bearing lace featuring designs which are identical to, substantially similar to, or

unlawful derivatives of Subject Design B ("Infringing Product B"). Certain Doe

counterdefendants created, manufactured, sold, at least to Dress Barn, and distributed Infringing

Product B. Such garments include, but are not limited to, garments sold by Dress Barn under item

SKU or identification no. 0442749 and bearing the label "roz & ALI" and RN 63264, indicating

said garments were manufactured by or for Dress Barn. Below is a table providing a comparison

of Subject Design B with a non-exhaustive exemplar of such Infringing Product B:



| Klauber Design 688 – Subject Design B | Infringing Product B Exemplar |
|---|---|

7



AMENDED COUNTERCLAIMS

21.     The above comparison makes apparent that the elements, composition, colors, selection and arrangement of elements, layout, and appearance of the designs at issue are substantially similar and strikingly similar. Particularly in light of Counterdefendants' infringement of two other Klauber designs as alleged herein above and below, the similarities between these designs, at a minimum, reflect Counterdefendants' creation and exploitation of a simpler and less expensive unlawful derivative design based on Klauber's original Subject Design B in contravention of 17 U.S.C. § 106(2).

22.     Klauber is informed and believes and thereon alleges that Counterdefendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Klauber's rights, and/or in blatant disregard for Klauber's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Counterdefendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## CLAIMS RELATED TO DESIGN NO. 845

23.     Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design Plaintiff's Internal Design Number 845 ("Subject Design C"). This artwork was a creation of Klauber or its design team, and is, and at all relevant times was, owned exclusively by Klauber.

24.     Klauber applied for a United States Copyright Registration for the Subject Design C prior to the commencement of this action. The United State Copyright Office allocated the Subject Design C Registration No. VA 1-992-804.

25.     Prior to the acts complained of herein, Klauber sampled and sold lace bearing Subject Design C to numerous parties in the fashion and apparel industries, and those sales alone totaled more than 330,000 yards of product bearing Subject Design C.

9

26.    Following this distribution of product bearing Subject Design C, Klauber's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design C, and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design C.

27.    Klauber is informed and believes and thereon alleges that, without Klauber's authorization, Dress Barn, caused to be manufactured, sold, imported and/or distributed fabric and/or garments bearing lace featuring designs which are identical to, substantially similar to, or unlawful derivatives of Subject Design C ("Infringing Product C"). Certain Doe counterdefendants created, manufactured, sold, at least to Dress Barn, and distributed Infringing Product C. Such garments include, but are not limited to, garments sold by Dress Barn under item SKU or identification no. 2165506 and bearing the label "roz & ALI" (a Dress Barn trademark) and RN 57096 (Protrend's RN), indicating said garments were manufactured by or for Protrend for Dress Barn's benefit and ultimate retail sale. Below is a table providing a comparison of Subject Design C with a non-exhaustive exemplar of such Infringing Product C:

///

AMENDED COUNTERCLAIMS

| Klauber Design 845 – Subject Design C | Infringing Product C Exemplar |
|---|---|



Detail:

Garment:

AMENDED COUNTERCLAIMS



28.    The above comparison makes apparent that the elements, composition, selection and arrangement of elements, layout, and appearance of the designs at issue are substantially similar,

12

strikingly similar, and virtually identical. At a minimum, especially in light of Counterdefendants' infringement of two separate Klauber designs as alleged herein above, the similarities between these designs reflect Counterdefendants' creation and exploitation an unlawful derivative design based on Klauber's original Subject Design C in contravention of 17 U.S.C. § 106(2).

29.      Klauber is informed and believes and thereon alleges that Counterdefendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Klauber's rights, and/or in blatant disregard for Klauber's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Counterdefendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement - Against All Counterdefendants)

30.      Klauber repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of these Counterclaims.

31.      Klauber is informed and believes and thereon alleges that Counterdefendants, and each of them, had access to Subject Design A, Subject Design B, and Subject Design C (collectively "Subject Designs"), including, without limitation, through (a) access to Klauber's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Counterdefendants, including without limitation international and/or overseas converters and printing mills; (c) access to Klauber's strike-offs and samples, and (d) access to garments manufactured with fabric lawfully printed through Klauber. Dress Barn in particular is exceedingly likely to have accessed the Subject Designs in at least one of the manners listed above as it has made unlawful use of three distinct Klauber designs as alleged herein, and it is far more likely than not that this use reflects access to Klauber's designs as opposed to mere happenstance. The nature of the copying itself is also evidence of access.

13

32.     Klauber is informed and believes and thereon alleges that one or more of the Counterdefendants, specifically including Protrends, manufactures garments and/or is a garment vendor.  Klauber is further informed and believes and thereon alleges that said Counterdefendant(s) has an ongoing business relationship with Counterdefendant retailer, Dress Barn amongst potential Doe Counterdefendants, and each of them, and supplied garments to said retailer, which garments infringed the Subject Designs in that said garments were composed of fabric which featured unauthorized textile designs that were identical, substantially similar to, or unlawful derivatives of the Subject Designs.

33.     Klauber is informed and believes and thereon alleges that Counterdefendants, and each of them, infringed Klauber's copyrights by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling garments which infringe the Subject Designs through a network of retail stores and on-line outlets.

34.     Due to Counterdefendants' acts of infringement, Klauber has suffered substantial damages to its business in an amount to be established at trial.

35.     Due to Counterdefendants' acts of infringement, Klauber has suffered general and special damages in an amount to be established at trial.

36.     Due to Counterdefendants' acts of copyright infringement as alleged herein, Counterdefendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Klauber is entitled to disgorgement of Counterdefendants' profits directly and indirectly attributable to Counterdefendants' infringement of the Subject Designs in an amount to be established at trial.

37.     On information and belief, Defendant alleges that Counterdefendants, and each of them, engaged in the above infringement willfully and/or with reckless disregard for Defendants' copyrights. So owing, Defendant may seek enhanced and/or statutory damages in an amount up to $150,000.00 per infringement, and seek to preclude certain profit calculation deductions and affirmative defense.

14

AMENDED COUNTERCLAIMS

## PRAYER FOR RELIEF

Wherefore, Klauber prays for judgment as follows:

### Against All Counterdefendants

### With Respect to Each Claim for Relief

a. That Counterdefendants, their agents and employees be enjoined from infringing Klauber's copyrights in any manner, specifically those for the Subject Designs;

b.   That Klauber be awarded all profits of Counterdefendants plus all losses of Klauber, plus any other monetary advantage gained by the Counterdefendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*;

c.   That Klauber be awarded its attorneys' fees as available under the Copyright Act U.S.C. §§ 101, *et seq.*;

d.   That Klauber be awarded pre-judgment interest as allowed by law;

e.   That Klauber be awarded the costs of this action; and

f.   That Klauber be awarded such further legal and equitable relief as the Court deems proper.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: December 28, 2018        By:   _____

Scott-Alan Burroughs, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
231 Norman Avenue, Suite 413
Brooklyn, New York 11222
(310) 590-1820
scott@donigerlawfirm.com
Attorneys for Defendant Klauber Brothers, Inc.

15

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Edward J. Chong, Esq.   SBN: 201409<br>Law Office of Edward Chong, APC<br>3325 Wilshire Blvd Suite 1250<br>Los Angeles CA 90010<br>TELEPHONE NO.: (213) 386-1990     FAX NO.: (213) 386-1800<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS: 111 N Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central District

CASE NAME:
TAAD Group, Inc. vs. The Hanover Insurance Company, Et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>20STCV08558 |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☑ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 4
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 3/2/2020
Edward J. Chong, Esq.
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: TAAD Group, Inc. vs. The Hanover Insurance Company, Et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

<table>
<tr><th>A<br>Civil Case Cover Sheet<br>Category No.</th><th colspan="2">B<br>Type of Action<br>(Check only one)</th><th>C<br>Applicable Reasons -<br>See Step 3 Above</th></tr>
<tr><td rowspan="2">Auto Tort</td><td>Auto (22)</td><td>☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death</td><td>1, 4, 11</td></tr>
<tr><td>Uninsured Motorist (46)</td><td>☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist</td><td>1, 4, 11</td></tr>
<tr><td rowspan="11">Other Personal Injury/ Property Damage/ Wrongful Death Tort</td><td rowspan="2">Asbestos (04)</td><td>☐ A6070  Asbestos Property Damage</td><td>1, 11</td></tr>
<tr><td>☐ A7221  Asbestos - Personal Injury/Wrongful Death</td><td>1, 11</td></tr>
<tr><td>Product Liability (24)</td><td>☐ A7260  Product Liability (not asbestos or toxic/environmental)</td><td>1, 4, 11</td></tr>
<tr><td rowspan="2">Medical Malpractice (45)</td><td>☐ A7210  Medical Malpractice - Physicians & Surgeons</td><td>1, 4, 11</td></tr>
<tr><td>☐ A7240  Other Professional Health Care Malpractice</td><td>1, 4, 11</td></tr>
<tr><td rowspan="4">Other Personal Injury Property Damage Wrongful Death (23)</td><td>☐ A7250  Premises Liability (e.g., slip and fall)</td><td>1, 4, 11</td></tr>
<tr><td>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)</td><td>1, 4, 11</td></tr>
<tr><td>☐ A7270  Intentional Infliction of Emotional Distress</td><td>1, 4, 11</td></tr>
<tr><td>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death</td><td>1, 4, 11</td></tr>
</table>

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: TAAD Group, Inc. vs. The Hanover Insurance Company, Et al. | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☑ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: TAAD Group, Inc. vs. The Hanover Insurance Company, Et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☐ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

| SHORT TITLE: TAAD Group, Inc. vs. The Hanover Insurance Company, Et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☑ 2. ☐ 3. ☐ 4. ☑ 5. ☐ 6. ☐ 7. ☑ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br><br>6409 GAYHART ST |
|---|---|

| CITY:<br>Commerce | STATE:<br>CA | ZIP CODE:<br>90040 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 3/2/2020

_(SIGNATURE OF ATTORNEY/FILING PARTY)_

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**03/02/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Clifton _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV08558 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Monica Bachner | 71 | · | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 03/04/2020 _____
    (Date)

**Sherri R. Carter, Executive Officer / Clerk of Court**

By R. Clifton _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) | FIRST AMENDED GENERAL ORDER |
| — MANDATORY ELECTRONIC FILING ) | |
| FOR CIVIL ) | |
| ) | |
| ) | |
| ) | |
| _____ ) | |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

    a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

    b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

    c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

    d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1  11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3      Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4      Division of the Los Angeles County Superior Court.

5

6          This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED: May 3, 2019                        _____

11                                                               KEVIN C. BRAZILE

12                                                               Presiding Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---
7

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|---|
| | | | |
| **TELEPHONE NO.:** | FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | | |
| ATTORNEY FOR (Name): | | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

   I. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

   ii. Include a brief summary of the dispute and specify the relief requested; and

   iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

   i. Also be filed on the approved form (copy attached);

   ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):          FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   <span style="font-size:smaller">(INSERT DATE)</span>      <span style="font-size:smaller">(INSERT DATE)</span>
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR _____ )

> _____
(ATTORNEY FOR _____ )

> _____
(ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:         FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1.  This document relates to:

    ☐  Request for Informal Discovery Conference
    ☐  Answer to Request for Informal Discovery Conference

2.  Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3.  Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4.  For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date:   _____

_____
JUDICIAL OFFICER

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

 **Superior Court of California, County of Los Angeles**

<div style="border:1px solid black">

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

</div>

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may <u>not</u> be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

**The Civil Mediation Vendor Resource List**
If all parties agree to mediation, they may contact these organizations to request a Resource List for mediation at reduced cost or no cost (for selected cases).

> ADR Services, Inc. Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261).
> JAMS, Inc. Senior Case Manager mbinder@jamsadr.com (310) 309-6204.
> Mediation Center of Los Angeles (MCLA) Program Manager info@mediationLA.org (833) 476-9145.
> o Only MCLA provides mediation in person, by phone and by videoconference.

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADRRes.list for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate or small claims cases.

**Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/.

> Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
> o Free day-of-trial mediations at the courthouse. No appointment needed.
> o Free or low cost mediations before the day of trial.
> o For free or low cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit:
> http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf.

**Mediators and ADR and Bar organizations that provide mediation may be found on the internet.**

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

Electronically Received 05/22/2020 02:09 PM

Electronically Received 05/22/2020 02:09 PM

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
David Simantob, SBN 155790
    David.Simantob@wilsonelser.com
Linda T. Hoshide, SBN 190403
    Linda.Hoshide@wilsonelser.com
Shannon L. Santos, SBN 260112
    Shannon.Santos@wilsonelser.com
555 South Flower Street, Suite 2900
Los Angeles, California 90071-2407
Tel.: (213)443-5100
Fax: (213)443-5101

*Attorneys for Defendants The Hanover Insurance
Company and Citizens Insurance Company of
America*

**FILED**
Superior Court of California
County of Los Angeles

05/26/2020

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ A. Barton _____ Deputy

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| TAAD GROUP, INC., a California corporation, doing business as "PROTREND, LTD."<br><br>                    Plaintiff,<br><br>         vs.<br><br>THE HANOVER INSURANCE COMPANY, a New Hampshire Corporation; CITIZENS INSURANCE COMPANY OF AMERICA, a Michigan Corporation, and DOES 1 to 100, inclusive,<br><br>                    Defendants. | Case No. 20STCV08558<br><br>Hon. Monica Bachner<br>Department 71<br><br>**STIPULATION EXTENDING DEFENDANTS THE HANOVER INSURANCE COMPANY AND CITIZENS INSURANCE COMPANY OF AMERICA'S TIME TO RESPOND TO THE COMPLAINT; AND [PROPOSED] ORDER**<br><br>Action Filed:   April 8, 2020 |

WHEREAS, Plaintiff filed the complaint in this action on April 8, 2020, and defendants, The Hanover Insurance Company and Citizens Insurance Company of America (collectively "Defendants") was served through their statutory agent on April 13, 2020;

WHEREAS, Defendants' time to respond to the complaint is currently May 26, 2020;

WHEREAS, Defendants have not previously requested the Court for an extension of time;

1

1    WHEREAS, the Parties agree that the deadline for Defendants to respond to the complaint

2    should be extended to June 9, 2020;

3    ACCORDINGLY, the Parties hereby stipulate and agree, through their counsel, that

4    Defendants shall respond to the complaint on or before June 9, 2020.

5    **IT IS SO STIPULATED.**

6

7    Dated: May 22, 2020                    LAW OFFICE OF EDWARD CHONG, APC

8

9                                           By: _____

10                                              Edward J. Chong, Esq.

11                                              Attorneys for Plaintiff,
                                                *TAAD GROUP, INC., a California*
12                                              *corporation, doing business as "PROTREND,*
                                                *LTD."*
13

14
     Dated:                                 WILSON, ELSER, MOSKOWITZ,
15                                          EDELMAN & DICKER LLP

16

17                                          By: _____

18                                             David Simantob
                                               Linda T. Hoshide
19                                             Shannon L. Santos
                                               Attorneys for Defendants,
20                                             *THE HANOVER INSURANCE COMPANY*
                                               *and CITIZENS INSURANCE COMPANY OF*
21                                             *AMERICA*

22

23

24

25

26

27

28

STIPULATION EXTENDING DEFENDANTS THE HANOVER INSURANCE COMPANY AND CITIZENS INSURANCE
COMPANY OF AMERICA'S TIME TO RESPOND TO THE COMPLAINT; AND ORDER

3649674V.1

WHEREAS, the Parties agree that the deadline for Defendants to respond to the complaint should be extended to June 9, 2020;

ACCORDINGLY, the Parties hereby stipulate and agree, through their counsel, that Defendants shall respond to the complaint on or before June 9, 2020.

**IT IS SO STIPULATED.**

Dated:                                                    LAW OFFICE OF EDWARD CHONG, APC


By: _____
        Edward J. Chong, Esq.
        Attorneys for Plaintiff,
        *TAAD GROUP, INC., a California corporation, doing business as "PROTREND, LTD."*

Dated:   May 22, 2020                    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


By: _____
        David Simantob
        Linda T. Hoshide
        Shannon L. Santos
        Attorneys for Defendants,
        *THE HANOVER INSURANCE COMPANY and CITIZENS INSURANCE COMPANY OF AMERICA*

2
STIPULATION EXTENDING DEFENDANTS THE HANOVER INSURANCE COMPANY AND CITIZENS INSURANCE COMPANY OF AMERICA'S TIME TO RESPOND TO THE COMPLAINT; AND ORDER

3649674V.1

1

## **ORDER**

2      Having read and considered the Parties' stipulation, and good cause appearing therefor, the

3 Court orders as follows:

4      Defendants, The Hanover Insurance Company and Citizens Insurance Company of America

5 (collectively "Defendants"), shall respond to the complaint on or before June 9, 2020.

6 **IT IS SO ORDERED.**

7

DATED:   05/26/2020

8                                            _____

9                                            Hon. Monica Bachner
                                             Los Angeles County Superior Court Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                   3
STIPULATION EXTENDING DEFENDANTS THE HANOVER INSURANCE COMPANY AND CITIZENS INSURANCE
COMPANY OF AMERICA'S TIME TO RESPOND TO THE COMPLAINT; AND ORDER

3649674V.1

**PROOF OF SERVICE**

*TAAD Group, Inc. v. The Hanover Insurance Company, et al.*
*LASC Case No. 20STCV08558*
*Wilson Elser File No. 18756.00014*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 555 South Flower Street, Suite 2900, Los Angeles, California 90071.

On May 22, 2020, I caused the document described as **STIPULATION EXTENDING DEFENDANTS THE HANOVER INSURANCE COMPANY AND CITIZENS INSURANCE COMPANY OF AMERICA'S TIME TO RESPOND TO THE COMPLAINT; AND ORDER** to be served on the interested parties in this action as follows:

Edward J. Chong, Esq.
Law Office of Edward Chong, APC
3325 Wilshire Boulevard, Suite 1250
Los Angeles, CA  90010
Tel: (213) 386-1990
Fax: (213) 386-1800
edlawla@gmail.com
hk.chonglaw@gmail.com
Attorneys for Plaintiff
TAAD GROUP, INC., a California corporation,
doing business as "PROTREND, LTD."

☒ **ELECTRONIC**.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be electronically served on each of the designated counsel to the email address(es) provided.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **STATE**.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 22, 2020, at Los Angeles, California.

_____
*/s/ Noemi Santiago*
NOEMI SANTIAGO

STIPULATION EXTENDING DEFENDANTS THE HANOVER INSURANCE COMPANY AND CITIZENS INSURANCE COMPANY OF AMERICA'S TIME TO RESPOND TO THE COMPLAINT; AND ORDER

3649674V.2

Electronically Received 06/05/2020 04:10 PM

Electronically Received 06/05/2020 04:10 PM

**FILED**
Superior Court of California
County of Los Angeles

**06/08/2020**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Deputy
A. Barton

1  **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
David Simantob, SBN 155790
2      David.Simantob@wilsonelser.com
Linda T. Hoshide, SBN 190403
3      Linda.Hoshide@wilsonelser.com
Shannon L. Santos, SBN 260112
4      Shannon.Santos@wilsonelser.com
555 South Flower Street, Suite 2900
5  Los Angeles, California 90071-2407
Tel.: (213)443-5100
6  Fax: (213)443-5101

7  *Attorneys for Defendants The Hanover Insurance*
*Company and Citizens Insurance Company of*
8  *America*

9              **SUPERIOR COURT OF CALIFORNIA**

10          **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

11

| | |
|---|---|
| 12  TAAD GROUP, INC., a California corporation, doing business as "PROTREND, LTD." | Case No. 20STCV08558 |
| 13 | Hon. Monica Bachner |
| 14              Plaintiff, | Department 71 |
| 15       vs. | |
| 16  THE HANOVER INSURANCE COMPANY, a New Hampshire Corporation; CITIZENS | **STIPULATION EXTENDING DEFENDANTS THE HANOVER INSURANCE COMPANY AND** |
| 17  INSURANCE COMPANY OF AMERICA, a Michigan Corporation, and DOES 1 to 100, | **CITIZENS INSURANCE COMPANY OF AMERICA'S TIME TO RESPOND TO** |
| 18  inclusive, | **THE COMPLAINT; AND [PROPOSED]** |
| 19 | **ORDER** |
| 20              Defendants. | |
| 21 | Action Filed:  April 8, 2020 |

22

23       WHEREAS, Plaintiff filed the complaint in this action on April 8, 2020, and defendants, The

24  Hanover Insurance Company and Citizens Insurance Company of America (collectively

25  "Defendants") was served through their statutory agent on April 13, 2020;

26       WHEREAS, Defendants' time to respond to the complaint is currently June 9, 2020;

27       WHEREAS, Defendants and Plaintiff previously stipulated to request the Court for an

28  extension of time for two weeks from May 26, 2020 to June 9, 2020, which was granted;

WHEREAS, the Parties are exploring settlement and request the deadline for Defendants to respond to the complaint should be extended to June 30, 2020;

ACCORDINGLY, the Parties hereby stipulate and agree, through their counsel, that Defendants shall respond to the complaint on or before June 30, 2020.

**IT IS SO STIPULATED.**

Dated:   06/05/2020                              LAW OFFICE OF EDWARD CHONG, APC


By: _____
   Edward J. Chong, Esq.
   Attorneys for Plaintiff,
   *TAAD GROUP, INC., a California*
   *corporation, doing business as "PROTREND,*
   *LTD."*


Dated:   06/05/2020                              WILSON, ELSER, MOSKOWITZ,
                                                 EDELMAN & DICKER LLP


By: _____
   David Simantob
   Linda T. Hoshide
   Shannon L. Santos
   Attorneys for Defendants,
   *THE HANOVER INSURANCE COMPANY*
   *and CITIZENS INSURANCE COMPANY OF*
   *AMERICA*

STIPULATION EXTENDING DEFENDANTS THE HANOVER INSURANCE COMPANY AND CITIZENS INSURANCE COMPANY OF AMERICA'S TIME TO RESPOND TO THE COMPLAINT; AND ORDER

3662619V.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>ORDER</u>**

Having read and considered the Parties' stipulation, and good cause appearing therefor, the Court orders as follows:

Defendants, The Hanover Insurance Company and Citizens Insurance Company of America (collectively "Defendants"), shall respond to the complaint on or before June 30, 2020.

**IT IS SO ORDERED.**

DATED: 

_____
Hon. Monica Bachner
Los Angeles County Superior Court Judge

STIPULATION EXTENDING DEFENDANTS THE HANOVER INSURANCE COMPANY AND CITIZENS INSURANCE COMPANY OF AMERICA'S TIME TO RESPOND TO THE COMPLAINT; AND ORDER

3662619V.1

# PROOF OF SERVICE

*TAAD Group, Inc. v. The Hanover Insurance Company, et al.*
*LASC Case No. 20STCV08558*
*Wilson Elser File No. 18756.00014*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 555 South Flower Street, Suite 2900, Los Angeles, California 90071.

    On June 5, 2020, I caused the document described as **STIPULATION EXTENDING DEFENDANTS THE HANOVER INSURANCE COMPANY AND CITIZENS INSURANCE COMPANY OF AMERICA'S TIME TO RESPOND TO THE COMPLAINT; AND ORDER** to be served on the interested parties in this action as follows:

Edward J. Chong, Esq.
Law Office of Edward Chong, APC
3325 Wilshire Boulevard, Suite 1250
Los Angeles, CA  90010
Tel: (213) 386-1990
Fax: (213) 386-1800
edlawla@gmail.com
hk.chonglaw@gmail.com
Attorneys for Plaintiff
TAAD GROUP, INC., a California corporation,
doing business as "PROTREND, LTD."

☒   **ELECTRONIC**.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be electronically served on each of the designated counsel to the email address(es) provided.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒   **STATE**.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on June 5, 2020, at Los Angeles, California.

                            */s/ Noemi Santiago*
                            NOEMI SANTIAGO

STIPULATION EXTENDING DEFENDANTS THE HANOVER INSURANCE COMPANY AND CITIZENS INSURANCE COMPANY OF AMERICA'S TIME TO RESPOND TO THE COMPLAINT; AND ORDER

3662619V.1

1

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
David Simantob, SBN 155790
    David.Simantob@wilsonelser.com
Linda T. Hoshide, SBN 190403
    Linda.Hoshide@wilsonelser.com
Shannon L. Santos, SBN 260112
    Shannon.Santos@wilsonelser.com
555 South Flower Street, Suite 2900
Los Angeles, California 90071-2407
Tel.: (213)443-5100
Fax: (213)443-5101

*Attorneys for Defendants The Hanover Insurance
Company and Citizens Insurance Company of
America*

2

3

4

5

6

7

8

9

### SUPERIOR COURT OF CALIFORNIA

10

### COUNTY OF LOS ANGELES – CENTRAL DISTRICT

11

12

13

14

15

16

17

18

19

20

21

22

| | |
|---|---|
| TAAD GROUP, INC., a California corporation, doing business as "PROTREND, LTD." <br><br> Plaintiff, <br><br> vs. <br><br> THE HANOVER INSURANCE COMPANY, a New Hampshire Corporation; CITIZENS INSURANCE COMPANY OF AMERICA, a Michigan Corporation, and DOES 1 to 100, inclusive, <br><br> Defendants. | Case No. 20STCV08558 <br><br> Hon. Monica Bachner <br> Department 71 <br><br> **STIPULATION EXTENDING DEFENDANTS THE HANOVER INSURANCE COMPANY AND CITIZENS INSURANCE COMPANY OF AMERICA'S TIME TO RESPOND TO THE COMPLAINT; AND [PROPOSED] ORDER** <br><br><br> Action Filed:   April 8, 2020 |

23

WHEREAS, Plaintiff filed the complaint in this action on April 8, 2020, and defendants, The

24

Hanover Insurance Company and Citizens Insurance Company of America (collectively

25

"Defendants") was served through their statutory agent on April 13, 2020;

26

WHEREAS, Defendants' time to respond to the complaint is currently June 30, 2020;

27

28

Electronically Received 06/25/2020 05:04 PM

Electronically Received 06/25/2020 05:04 PM

1        WHEREAS, Defendants and Plaintiff previously stipulated to request the Court for an

2   extension of time for Defendants to respond to the complaint for two weeks from May 26, 2020 to

3   June 9, 2020, which was granted;

4        WHEREAS, Defendants and Plaintiff further stipulated to request the Court for an extension

5   for Defendants to respond to the complaint from June 9, 2020 to June 30, 2020 as the parties are

6   exploring settlement, which was granted;

7        WHEREAS, the Parties are continuing their efforts to explore settlement and request the

8   deadline for Defendants to respond to the complaint be extended to July 30, 2020;

9        ACCORDINGLY, the Parties hereby stipulate and agree, through their counsel, that

10  Defendants shall respond to the complaint on or before July 30, 2020.

11  **IT IS SO STIPULATED.**

12

13   Dated:  June 25, 2020           LAW OFFICE OF EDWARD CHONG, APC

14

15                 By: _____

16                      Edward J. Chong, Esq.
                    Attorneys for Plaintiff,

17                      *TAAD GROUP, INC., a California*
*corporation, doing business as "PROTREND,*

18                      *LTD."*

19   Dated:  June 25, 2020           WILSON, ELSER, MOSKOWITZ,
                    EDELMAN & DICKER LLP

20

21                 By: _____

22                      David Simantob
                    Linda T. Hoshide

23                      Shannon L. Santos

24                      Attorneys for Defendants,
                    *THE HANOVER INSURANCE COMPANY*

25                      *and CITIZENS INSURANCE COMPANY OF*
*AMERICA*

26

27

28

---

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ORDER**

Having read and considered the Parties' stipulation, and good cause appearing therefor, the Court orders as follows:

Defendants, The Hanover Insurance Company and Citizens Insurance Company of America (collectively "Defendants"), shall respond to the complaint on or before July 30, 2020.

**IT IS SO ORDERED.**

DATED:   06/26/2020

_MBachner_

_____
Hon. Monica Bachner
Los Angeles County Superior Court Judge

STIPULATION EXTENDING DEFENDANTS THE HANOVER INSURANCE COMPANY AND CITIZENS INSURANCE COMPANY OF AMERICA'S TIME TO RESPOND TO THE COMPLAINT; AND ORDER

3662619V.1

## PROOF OF SERVICE

*TAAD Group, Inc. v. The Hanover Insurance Company, et al.*
*LASC Case No. 20STCV08558*
*Wilson Elser File No. 18756.00014*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 555 South Flower Street, Suite 2900, Los Angeles, California 90071.

On June 25, 2020, I caused the document described as **STIPULATION EXTENDING DEFENDANTS THE HANOVER INSURANCE COMPANY AND CITIZENS INSURANCE COMPANY OF AMERICA'S TIME TO RESPOND TO THE COMPLAINT; AND ORDER** to be served on the interested parties in this action as follows:

Edward J. Chong, Esq.
Law Office of Edward Chong, APC
3325 Wilshire Boulevard, Suite 1250
Los Angeles, CA  90010
Tel: (213) 386-1990
Fax: (213) 386-1800
edlawla@gmail.com
hk.chonglaw@gmail.com
Attorneys for Plaintiff
TAAD GROUP, INC., a California corporation,
doing business as "PROTREND, LTD."

☒ **ELECTRONIC**.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be electronically served on each of the designated counsel to the email address(es) provided.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **STATE**.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 25, 2020, at Los Angeles, California.

_____
*/s/ Noemi Santiago*
NOEMI SANTIAGO

STIPULATION EXTENDING DEFENDANTS THE HANOVER INSURANCE COMPANY AND CITIZENS INSURANCE COMPANY OF AMERICA'S TIME TO RESPOND TO THE COMPLAINT; AND ORDER

3662619V.1

EXHIBIT C

**Hoshide, Linda T.**

| | |
|---|---|
| **From:** | Hanna Kim <hk.chonglaw@gmail.com> |
| **Sent:** | Thursday, July 2, 2020 1:44 PM |
| **To:** | Hoshide, Linda T. |
| **Cc:** | Simantob, David; Msk; Edward Chong; Assistant |
| **Subject:** | Re: TAAD Group, Inc. dba Protrend, Ltd. v. The Hanover Ins. Co. and Citizens Insurance Company of America |
| **Attachments:** | 070220_LTR_Demand.pdf |

**[EXTERNAL EMAIL]**

Dear Ms. Hoshide,

Please see attached demand letter.

Thank you,


--
Sincerely,

Hanna Kim
Legal Assistant

**Law Office of Edward Chong, A Professional Corporation**
3325 Wilshire Blvd., Suite 1250
Los Angeles, CA 90010

Office (213) 386-1990
Facsimile (213) 386-1800

The foregoing name, telephone, telecopy and email information is provided to the recipient for informational purposes only and is not intended to be the signature of the sender for purposes of binding the sender or Law Office of Edward Chong, A Professional Corporation, or any client of the sender or the firm, to any contract or agreement under the Uniform Electronic Transactions Act or any similar law. This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone at (213) 386-1990 and permanently delete the original and any copies of this email.

# LAW OFFICE OF EDWARD CHONG, APC
**3325 WILSHIRE BOULEVARD, SUITE 1250**
**LOS ANGELES, CALIFORNIA 90010**
**TEL: (213) 386-1990 FAX: (213) 386-1800**

July 1, 2020

SENT VIA EMAIL <Linda.Hoshide@wilsonelser.com>; <David.Simantob@wilsonelser.com>
Linda T. Hoshide, Esq.
David Simantob, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
555 S. Flower Street - Suite 2900
Los Angeles, CA 90071-2407

Re:   **TAAD Group, Inc. dba Protrend, Ltd. v. The Hanover Ins. Co., and Citizens Insurance Co, of America | LASC Case No.: 20STCV08558**

Dear Ms. Hoshide and Mr. Simantob:

As you know, this law firm serves as litigation counsel to TAAD Group, Inc. dba Protrend, Ltd. in the case matter referenced- above.

This correspondence is in reply to your clients' request to consider paying my client's attorney fees and costs, consisting of Michael Kimm, Esq. and my bills in the amount of $136,400.90, and reimbursing my client's fees of the $25,000.00 sum that was paid to The Dress Barn for settlement.

We further enclose the key documents from the underlying copyright action, consisting of the "counterclaim" that triggered Protrend's jeopardy, The Dress Barn's demand for full indemnification, and the settlement agreement and check tendered for Protrend.



Please contact the undersigned to discuss an amicable resolution of this matter.

Very truly yours,

Law Office of Edward Chong, APC

Edward J. Chong, Esq.

cc: Michael Kimm, Esq.
Enclosures